## DETERMINATION AS TO THE TIME TO WHICH THE WORDS "IN CASE OF DEATH WITHOUT ISSUE" REFER.

Court of Common Pleas of Clark County.

JOHN H. CAVANAUGH V. CHARLES REXER ET AL.*

Decided, April 5, 1920.

*Wills—Life Estate Created—Property to Then Go to a Designated Person—But in Case of Death Without Issue Then to Certain Heirs—Action to Quiet the Title to Said Property.*

Where a testatrix by her will devises real estate to A for life and afterwards to B in fee simple, but in case of the death of B without issue to the next of kin of the testatrix, the words "in case of death without issue" refer to the death of B without issue during the lifetime of A, and if B survives A her title becomes absolute in fee simple, unless a contrary intent is evinced by the language of the will.

*A. C. Link,* for plaintiff.
*Hamilton Bros., J. E. West, V. G. Hahn,* for defendants.

GEIGER, J.

This is an action to quiet the title of the plaintiff to the north half of Lot No. 39 in Demint's addition to the city of Springfield.

The case is submitted to the court upon an agreed statement of fact, from which it appears, among other things, that plaintiff acquired his title by two deeds, one a tax deed and the other a quit claim deed from Jennie A. Dudley; that Jennie A. Dudley was formerly Martha Jane Ann Hurth and that she acquired her title by virtue of the last will and testament of Jane Hardy. The said Jennie A. Dudley was a daughter of Nancy Hurth, who was mentioned in the will as the niece of Jane Hardy; that Jane Hardy died in 1863 leaving no issue and leaving as

---

*Affirmed by the Court of Appeals, May 28, 1920.

her nearest heirs and next of kin her brothers and sisters and said niece, Nancy Hurth, and the daughter of said niece, the grantor in said quit claim deed; that at the death of the testatrix said Martha Jane Ann Hurth was about three years old; that Nancy Hurth, niece of said Jane Hardy and mother of Martha Jane Ann Hurth survived the said testatrix and died about twenty-five years ago; that Martha Jane Ann Hurth is still living at the age of about sixty years. She had issue, one son, who died in 1882; that there is no probability of her having any other issue.

The question calls for the proper construction of the will of Jane Hardy and involves the construction of Items 2, 3, 4 and 5, which are as follows:

"Item 2. I devise all my real and personal property in trust for the sole use, benefit and behoof of my niece Nancy Hurth for her lifetime and after her death to the daughter of said Nancy Hurth, the name of said daughter being Martha Jane Ann Hurth, in fee simple.

"Item 3. I hereby name Elam Kinney as trustee to carry out the trust set forth in the last item.

"Item 4. The devise to my niece in trust in Item 2 is understood to be without the power of disposition on her part, or the power to charge the property with debt.

"Item 5. In case of the death of Martha Jane Ann Hurth without issue, I devise the property aforesaid to my next of kin to be distributed according to law."

The claim of the plaintiff is that when Martha Jane Ann Hurth survived her mother, the life tenant, the title became absolute in her.

The claim of the defendant is that Martha Jane Ann Hurth, under the will, takes the fee simple title subject to be determined by the contingency of dying without issue at the time of her death and that if she should so die without issue, the estate would pass over to the surviving heirs of the testatrix by way of executory devise.

The rule is well established in Ohio that where there is a devise in fee to A, but if he die without issue then to B in

fee, the words "if he die without issue" are to be interpreted according to their popular meaning and have reference to the time of the death of A, unless the contrary intention is plainly expressed in the will or is necessary to carry out its undoubted purpose; and if A have no children or issue living at the time he dies, B takes under such devise; that A would take an estate in fee simple subject, however, to be determined by the contingency of his dying without issue living at the time of his death, on the happening of which the estate would pass over by way of executory devise. *Parish* v. *Ferris*, 6 O. S., 563; *Niles* v. *Gray*, 12 O. S., 320; *Taylor* v. *Foster*, 17 O. S., 166; *Smith* v. *Hankins*, 27 O. S., 371; *Piatt* v. *Sinton*, 37 O. S., 353; *Durfee* v. *MacNeil*, 58 O. S., 238; *Anderson* v. *Realty Co.*, 19 C. C. Dec., 267.

Is a contrary intention plainly expressed in the will or necessary to carry out its undoubted purpose?

By the will the estate is devised to the niece of the testatrix for her lifetime and after her death to her daughter in fee, with the provision that in the case of the death of the daughter without issue the property is devised to the next of kin of the testatrix.

Does the intervention of the life estate of Nancy, the mother of Martha, distinguish the case from the above cited cases?

In none of the cases above cited except *Niles* v. *Gray*, are the devises subject to a life estate. In each of the others it is the condition of the will that if the primary devisee shall die without issue the estate shall pass over.

In the first of the cases above cited the contention was that the words used referred in general to an indefinite failure of issue, which would create an estate tail and the court refused to adopt this English rule as the law of Ohio.

In the case of *Sinton* v. *Boyd*, 19 O. S., 30, it is held that in the construction of wills words of survivorship shall be referred to the period appointed by the will for the payment or distribution of the subject matter of the gift, unless a contrary intention is evinced by the language of the will.

This court in the case of *Wood, Admr.,* v. *Wood,* 22 N. P. (N. S.), 302, held:

"Where a testator bequeathes his property to his wife during her life, with the provision that after her death it shall be divided among his children and in the event of the death of any of the children without issue or heirs their share shall revert to the surviving heirs of the testator to be divided equally among them, the intervention of the life estate fixes survivorship as of the time of the distribution and after the termination of the life estate."

The court in that case relied strongly upon the cases of *Miller* v. *Miller,* 10 O. N. P. (N. S.), 630, affirmed by the Supreme Court without report, 88 O. S., 563, and *Pendleton* v. *Bowler,* 11 Ohio Dec. Rep., 551, 27 W. L. B., 313, affirmed without report, 54 O. S., 654.

It appears to the court that the evident intention of the testatrix under this will was to give to her niece the life estate in the property, with the provision that it should go upon her death to her daughter, provided she be living at the time of the death of the mother, but that if the daughter should die without issue prior to the death of her mother, then the estate was to go to the next of kin of the testatrix to be distributed according to law.

There are two rules of law which further fortify this view— one that where an estate in fee simple is once given language cutting it down must be equally clear, and the other that a construction which ties up an estate is not favored. It can hardly be conceived that the testatrix intended, after having given an estate in fee simple to her grand niece, who was then about three years of age, that it should be tied up without power of alienation in fee until it should be determined whether the grand niece should ultimately die without issue. The evident intention of the testatrix was to give a life estate to her niece without power of disposition and under the control of a trustee and that if during such life estate the grand niece should die without issue, the heirs at law should take the estate, but that

if her grand niece should be living at the time of the death of her niece that she should take the estate in fee simple absolute.

It would be a work of supererogation to comment at length upon the cases which lead to this conclusion as they are so well collated and commented upon in the two cases above referred to, viz: *Miller* v. *Miller* and *Pendleton* v. *Bowler*, both of which were affirmed by the Supreme Court. The court endorses and relies upon the reasoning of these cases.

The plaintiff in this case having derived his title by quit claim from the grand niece, Jennie A. Dudley (designated in the will as Martha Jane Ann Hurth), acquired by such deed a fee simple absolute title to the real estate and the title should be quieted as against the other heirs of the testatrix, Jane Hardy.

Judgment accordingly.